IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00339-BNB

MICHAEL O'BANION,

Plaintiff,

v.

STUDIO J CORPORATION, a/k/a Jonas Bros. Taxidermy Studio t/n,

Defendant.

_____

**ORDER**
_____

Now pending is the **Joint Motion to Vacate Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting** [Doc. # 11, filed 4/7/2014] (the "Motion to Vacate"). The parties argue that the scheduling conference is premature in view of the defendants Motion to Dismiss [Doc. # 10].

The plaintiff alleges in his complaint that in 2006 he delivered to the defendant "a large male lion" "taken" in a hunting trip in Zimbabwe. Complaint [Doc. # 1] at ¶20. The 2006 Lion was sent to a tannery, and the hide was returned to the defendant after that work was completed. Id. at ¶27. The defendant retained possession of the 2006 Lion hide until the plaintiff ordered further taxidermy work. Id. at ¶¶32-35. Finally, the plaintiff alleges:

> 40. In approximately June of 2013, Plaintiff contacted Defendant and requested that Defendant begin work on the 2006 Lion lion from Zimbabwe, a smaller lion from Tanzania, and two leopards-- one from Zimbabwe and one from Tanzania.
>
> 41. Defendant informed Plaintiff that it could not find Plaintiff's 2006 Lion from Zimbabwe.
>
> \*   \*   \*

> 46.  Despite Plaintiff's multiple demands, Defendant refused to return Plaintiff's prized 2006 Lion and all of the other trophies currently in Defendant's possession.

Id. at ¶¶40-41 and 46.  Based on these facts, the plaintiff asserts claims for conversion, negligence by bailee, breach of contract, and breach of implied contract.

The defendant seeks dismissal of the claim based on the statute of limitation and laches. There is no claim that the court lacks jurisdiction to adjudicate the claims.

The practical effect of granting the Motion to Vacate would be to stay discovery until the motion to dismiss is decided.  The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery.  In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake.  Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same).  Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The determination of a motion to dismiss ordinarily takes several months. Consequently, staying the case while the defendant's motion to dismiss is pending may delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
>
> \* \* \*
>
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without passing on the merits of the motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendant in this case. Moreover, a stay of discovery pending the determination of a motion to dismiss generally is disfavored in this district. Wason Ranch Corp. v. Hecla Mining Co., 2007 WL 1655362 (D. Colo. June 6, 2007).

IT IS ORDERED that the Motion to Vacate [Doc. # 11] is DENIED.

Dated April 7, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge